## DAVIS *v.* DAVIS'S ESTATE.

### *Evidence. Witness. Book Account. Referee.*

In a suit against an estate, declarations of plaintiff's wife and the testator, not made in presence of plaintiff, were *held* inadmissible against him.

In a suit against an estate, the administrator's wife, who was the widow of the testator, was *held* incompetent as a witness for the estate.

Plaintiff presented claims against the defendant estate for work and labor, &c., and the referee reported that "the proof was not clear that the charges were made from time to time as the indebtedness as claimed accrued, or that they were originally intended to be charged at all, either on book or otherwise, but that at some time before the commissioners sat, the plaintiff had the items of his account on a piece of paper, which was lost." *Held,* that plaintiff was not thereby precluded from recovering.

On appeal from the decision and report of commissioners on defendant estate, plaintiff presented claims before the referee for work and labor, &c., and asked the referee to assume equity powers; which he refused to do. *Held,* no error.

In a suit against an estate for work and labor, &c., the defence was that plaintiff and the testator had settled their mutual accounts. To show otherwise, it was *held* that plaintiff might give in evidence a copy of an account that the estate had offered in offset at a former hearing as unsettled.

APPEAL from the decision and report of the commissioners on Joseph A. Davis's estate. The case was referred.

The plaintiff George W. Davis and the testator were brothers. Plaintiff's claim was mostly for taking care of the testator's first wife in her last sickness, at plaintiff's house, and for services and expenses rendered and incurred after her death and at her funeral. The testator died in March, 1872. Defendant claimed before the referee, and gave evidence tending to show, that in September, 1870, plaintiff and the testator settled all their mutual accounts and matters of deal, and thereafter had no mutual dealings. Upon this point, defendant offered the deposition of Hattie E. Ross, to which the plaintiff objected, " on the ground that it was inadmissible, irrelevant, and hearsay testimony ; and especially objected to interrogatories 5 and. 6, and the answers thereto, as calling for and relating conversations not had in the presence of the plaintiff or of either of the parties to this suit ;"* but the referee admitted the deposition subject to the objections.

*This deposition was not furnished the Reporter.

Minnie J. Davis was the widow of the testator, and executrix of his will until she married German H. Davis, brother of plaintiff and the testator, when he was appointed administrator of the defendant estate, with the will annexed. Defendant offered her deposition to show the settlement claimed, and wherein she deposed to such a settlement, to which plaintiff objected that she was not a competent witness, " being the wife of the administrator, and as such, a party to this suit;" but the deposition was admitted.

The referee reported, among other things, as follows:

The plaintiff offered a copy of an account that defendant had presented as unsettled, in offset to plaintiff's account, at a previous hearing of this case before J. W. Pierce, Esq., referee, the same being claimed as evidence tending to prove that the defense of settlement is not a true claim. Defendant objected to the same being received, on the ground that the claim of a settlement made was also urged at said prior hearing, and that he well might withdraw any claim in offset without prejudice. The referee received the copy of the account presented, subject to the defendant's objection.

The referee reports in respect to the question of a settlement having been made between Joseph A. and George W. Davis in September, 1870, that he is unable to find any testimony tending to show that Joseph A. ever expressly admitted that he was indebted to George W. after that time, while on the other hand there was testimony tending to show that Joseph A. denied that he was owing George W. anything, and claimed that he had paid him for all services, etc. And the referee says that if either the deposition of Hattie E. Ross or of Minnie J. Davis, is admissible notwithstanding the objections noted, then he finds the settlement made as claimed by the defense, and disallows the plaintiff's account ; but if both of said depositions are rejected by the court, then the referee finds for the plaintiff to recover of the defendant estate the sum of all the items of plaintiff's account found to be reasonable as charges as aforesaid, amounting in the aggregate to the sum of one hundred and five dollars and fifty cents, and interest thereon from September 30, 1868. All questions raised upon said depositions are submitted and referred to the court for the settlement of the law questions.

The defendant requested the referee to report specifically what would be his finding if he is clothed with equity powers, and that defendant claims that the referee is so clothed, and has the right,

59

and that under the statute in cases of this nature it is his duty, to decide according to the equities of the case. The referee declines to assume the equity powers claimed. The proof is not clear that the charges were made from time to time as the indebtedness as claimed accrued, or that they were originally intended to be charged at all, either on book or otherwise, but that at some time before the commissioners sat on the estate of Joseph A. Davis, the plaintiff "had the items of this account on a piece of paper," which is lost.

The defendant excepted to the report, because the referee excluded from consideration the depositions of Hattie E. Ross and Minnie J. Davis, and held that he was not possessed of equity powers, and erred in admitting said account that defendant had presented in offset at the previous hearing.

The court, at the December Term, 1875, BARRETT, J., presiding, overruled the exceptions, and rendered judgment on the report for the plaintiff; to which defendant excepted.

*Hugh Henry*, for defendant.

The deposition of Hattie E. Ross was admissible as presumptive evidence tending to show the truth or falsity of the issue, the issue being whether or not there had been a settlement. Any circumstance which in its nature would afford to the trier of the cause a reasonable presumption on the question of settlement, was admissible, and should have received such consideration from the referee as its near or remote connection entitled it to. It received none. In this there was error. *Richardson* v. *Royalton & Woodstock Turnpike Co.* 6 Vt. 496. "It is not necessary, however, that the evidence should bear directly upon the issue : it is admissible if it tends to prove the issue, or constitutes a link in the chain of proof, although alone it might not justify a verdict in accordance with it." 1 Greenl. Ev. (5th ed.) 69, and note 4.

The deposition of Minnie J. Davis was improperly excluded from consideration by the referee. Certainly before her marriage to the administrator, while she was sole heir to the estate, and had the utmost conceivable interest to testify against the plaintiff, her testimony was admissible, on the ground often sustained in this state, that "the widow is a competent witness as to those mat-

ters which are within her own knowledge, and not received in confidential communication between her and her husband." *Williams* v. *Baldwin*, 7 Vt. 503; *Edgell* v. *Bennett & Lord*, 7 Vt. 534; *Smith* v. *Potter*, 27 Vt. 304; *Rutland & Burlington Railroad* v. *Estate of Lincoln*, 29 Vt. 206; *Lancey* v. *Vantyne*, 40 Vt. 501. If then the widow was a competent witness while she was sole heir, and had the entire interest in the suit, or rather in defeating it, what sound reason for excluding her thereafter? The administrator has only a representative, not a personal, interest in the result of the litigation. In a representative capacity only is he a party. The rule that excludes the wife as a witness for or against her husband, is founded on the same rule of suspicion that formerly excluded all parties in interest, and which the more enlightened and broader good sense of later times has done away with. Then why stretch the rule of exclusion on the wife so as to make it apply to cases where the husband's interest is but that of a representative ?'

The referee erred in allowing the plaintiff to put in evidence the account in offset presented by the defendant and afterwards withdrawn. This account having been withdrawn before the case was sent out to this referee, was no part of the *res gestæ*, and was irrelevant and entirely inadmissible under any and all rules of evidence.

In holding that he has no authority to report upon the equities, the referee erred, and his error in this respect is sufficient ground for remanding the case. *Hazeltine* v. *Smith*, 3 Vt. 535; *Downer* v. *Downer*, 11 Vt. 395; *Bliss* v. *Rollins*, 6 Vt. 529; *Hogeboom* v. *Herrick*, 21 Vt 131; *Stevens* v. *Parsons*, 5 Vt. 503; *Learned* v. *Bellows*, 8 Vt. 79; *Steen et al.* v. *Wardsworth*, 17 Vt. 297.

It is evident from the face of the report, that the referee has not only mistaken the rule of law and practice in deciding as to his power of deciding according to what is equitable, but that he has mistaken the law of the case upon the facts found, even if he intended to be guided by the rules of law upon the facts. The facts as set forth in his report constitute an entire defence to the action. He says: " The proof is not clear that the charges were made from time to time as the indebtedness as claimed accrued ; or

that they were originally intended to be charged at all, either on book or otherwise; but that at some time before the commissioners sat on the estate of Joseph A. Davis, the plaintiff 'had the items of this account on a piece of paper,' which is lost." In order to sustain any cause of action whatever, it was necessary that the plaintiff prove, and the referee find affirmatively, that the plaintiff had an existing, claimed demand or demands against Joseph A. Davis at the time of his decease. Gen. Sts. c. 53, ss. 1, 14.

The claim could not exist until an intention to charge it be found. This report does not show that that intention existed before Joseph A's death, or at that time. It does show that the referee could not find such intention; therefore no claim existed in law. It must be a debt in the present. *Jones* v. *Cooper*, 2 Aik. 54; *Blackmer* v. *Admr. of Blackmer*, 5 Vt. 355. The claim must be as of the day of the decease. *Sutton* v. *Estate of Sutton*, 13 Vt. 79. Charges should be made "contemporaneously with the transaction of the business, or as nearly so as the circumstances would allow." *Hunter* v. *Kittredge's Estate*, 41 Vt. 364.

*George L. Fletcher*, for plaintiff.

The deposition of Minnie J. Davis was rightfully excluded. She being the wife of the administrator, who is a party, is not a competent witness in his behalf. This court has decided that the disqualification extends to the wife of the administrator. *Davis* v. *Davis*, 48 Vt. 502; *Cram* v. *Cram*, 33 Vt. 15; *Manchester* v. *Manchester*, 24 Vt. 649; *Carpenter* v. *Moore*, 43 Vt. 392.

The deposition of Hattie E. Ross was rightfully excluded. A party cannot prove by another that which the law does not permit him to testify to, being the party's own declarations made to a third person, and in no way a part of the *res gestœ*. The admissions of the wife do not bind the husband, and are not admissible in evidence unless an agency is first shown. It is a well-established rule of law, that the admissions of the wife cannot be given in evidence against her husband. *Gilson* v. *Gilson*, 16 Vt. 464.

The appellee can take nothing by his exception to the admitting

in rebuttal the account of the estate which was presented at a former hearing of this case by the estate, as an unsettled account in offset to the appellant's account now claimed against the estate.

We claim it was admissible for the purpose for which it was offered. If a settled account, it was so at the former hearing when it was offered as unsettled. It has in no way affected the finding of the referee. *Nye* v. *Merriam*, 35 Vt. 438.

The referee rightly refused, upon request, after the testimony was closed upon the hearing, to report specially what would be his findings if clothed with equity powers. The statute is conclusive upon this point. Gen. Sts. c. 53, ss. 22, 23, 24.

The referee only refers to the court for the determination of the law the questions raised upon the two depositions. *Park* v. *Ridle*, 38 Vt. 545. It is no ground of exception, because the referee adopted on trial the same rules of law governing the County Court in the trial of like causes. *Hicks* v. *Cottrill*, 25 Vt. 80; *Cutting* v. *Stone*, 23 Vt. 571; *Eddy* v. *Sprague*, 10 Vt. 216; *Clifford* v. *Richardson*, 18 Vt. 620; *Briggs* v. *Oaks*, 26 Vt. 138; *Briggs* v. *Bennett*, 26 Vt. 146.

The opinion of the court was delivered by

REDFIELD, J. The deposition of Hattie Ross tended to show the declarations of the plaintiff's wife and of the testator. We know of no rule of law that would render such testimony admissible against other parties. The deposition of Minnie J. Davis was properly rejected, as this court has recently decided. But these depositions seem both to have been admitted against the protest of the plaintiff.

II. It is claimed by the defendant that the plaintiff did not intend to make any claim against his brother until after his decease. If this were so, the law would require him to be of the same mind after his brother's decease. But we do not think that this fairly appears from the report. The claim mainly arises from the expense of the last sickness of the testator's wife, and the funeral charges. The report states that at some time these claims were put upon paper in items. The report states that " the proof

is not clear that the charges were made from time to time as the indebtedness as claimed accrued, or that they were originally intended to be charged at all, either on book or otherwise, but at some time * * * the plaintiff had the items of this account on a piece of paper." A claim recoverable in book action, may exist as a just claim and not be charged, or intended to be charged, on any book or paper. A man may sell a horse, or a yoke of oxen, or do a job of work, and never charge nor intend to charge them on book, and still they may be as justly recoverable against the party benefited, or his estate, as if charged on book at the time. The report does not state that the proof was *not clear* that he at the time intended to make *claim*, or to ask pay for these services. If he made no charge on paper until after the death of the testator, it is a circumstance, and might be in some cases a potent circumstance, to satisfy a referee that until that time he purposed to make no claim. But this is *evidence* merely, to be weighed by the referee.

III. The referee was requested to state in his report what he should do if he was clothed with equity powers. It is difficult to apprehend, on an inquiry whether the estate *owed* the plaintiff for services rendered and materials furnished, the difference between the settled rules of law and equity, so far as known to us. If the services were rendered and paid for, or rendered as a family gratuity to his brother, he cannot convert them into a claim at law or in equity. We do not think it error that the referee declined to *assume* equity powers.

IV. The account which defendant presented at a former hearing was properly admitted for the purpose for which it was used. Its weight as evidence was altogether a matter for the referee.

Judgment affirmed.